# EXHIBIT A

Case 1:25-cv-00477-DKG   Document 1-1   Filed 08/20/25   Page 2 of 10

Electronically Filed
7/18/2025 8:55 AM
Fourth Judicial District, Ada County
Trent Tripple, Clerk of the Court
By: Breanna Johnson, Deputy Clerk

Ron R. Shepherd, ISBN 6593
V. Renee Karel, ISBN 9050
Susan Lynn Mimura, ISBN 3033
SHEP LAW GROUP
1990 North Meridian Road
Meridian, ID  83646
Telephone:  (208) 887-3444
Facsimile:  (208) 887-3443
Direct:    ron@sheplawgroup.net
           susan@sheplawgroup.net
           renee@sheplawgroup.net
E-filing:  efile@sheplawgroup.net

Attorneys for Plaintiffs

## IN THE DISTRICT OF THE FOURTH JUDICIAL DISTRICT OF

## THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| PAUL S. RUTTER and JENNIFER K. COOK, | Case No. CV01-25-13044 |
| Plaintiffs, | COMPLAINT AND DEMAND FOR JURY TRIAL |
| v. | Fee Category: A.A. |
| STATE FARM FIRE & CASUALTY COMPANY, | Filing Fee: $221.00 |
| Defendant. | |

The above-named Plaintiffs, Paul S. Rutter and Jennifer K. Cook, for their cause of action, complain and allege as follows:

### PARTIES

1.    Plaintiff, Paul S. Rutter ("Rutter"), is an adult resident of Ada County, Idaho.

COMPLAINT AND DEMAND FOR JURY TRIAL – 1

2.  Plaintiff, Jennifer K. Cook ("Cook"), is an adult resident of Ada County, Idaho. Rutter and Cook are husband and wife. Rutter and Cook are sometimes collectively referred to herein as "Plaintiffs."

3.  Defendant, State Farm Fire & Casualty Company ("State Farm"), is an insurance company domiciled in the state of Illinois transacting business in the state of Idaho.

### JURISDICTION AND VENUE

4.  Jurisdiction is proper in Idaho under Idaho Code §§ 1-705 and 5-514(a) in the state of Idaho because this matter arises out of a business transaction that occurred in Idaho. The amount in controversy is in excess of $10,000.

5.  Venue is proper under Idaho Code § 5-404 in Ada County because State Farm's principal place of business is in Ada County, Idaho or, in the alternative, the cause of action at issue in this case arose in Ada County, Idaho.

### GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

6.  Rutter and Cook are owners of their primary residence located at 2357 N. Big Summit Way, Eagle, Ada County, Idaho ("Dwelling").

7.  At all times relevant, State Farm carried homeowners insurance for Plaintiffs on the Dwelling.

8.  On or about October 14, 2024, the fastener connecting the drain hose to the garbage disposal under the kitchen sink of the home at the Dwelling disconnected causing an immediate leak of water under the kitchen sink.

9.  Upon learning of the water leak, Plaintiffs contacted State Farm to report the water leak and damage.

COMPLAINT AND DEMAND FOR JURY TRIAL – 2

10. In accordance with the advice received from a State Farm representative, Plaintiffs contacted Idaho Fire and Flood Restoration, LLC ("IFF"). IFF timely responded and investigated the source of the leak and the damage that was done by the leak.

11. IFF was also hired to conduct the mitigation work necessitated by the damage from the leak.

12. IFF's technician that was onsite and executed the mitigation for Plaintiffs expressly noted "when removing materials, there were no signs of long term water damage." The technician that was onsite and executed the mitigation for Plaintiffs specifically stated, "I did not see any microbial growth, rot or anything that would suggest long term leak."

13. The technician further stated, "The dry out was 1-2 days which also indicated the structure had not been wet for very long at all. Additionally, the Crawlspace [sic] looked good, wood was dry, only affected the ductwork that was below the sink and addressed during the mitigation process."

14. State Farm subsequently sent an adjuster to the Dwelling to inspect the damage.

15. On January 25, 2025, State Farm sent Plaintiffs a letter denying their claim.

16. The basis of the denial was, "It was determined the damage was caused by a continuous leaking or seeping of water across the wood flooring coming from disposal drain under the sink." State Farm provided no further explanation as to how State Farm came to this conclusion.

17. Upon information and belief, State Farm sent an inspector to the Dwelling that was not familiar with water damage claims of the kind Plaintiffs suffered and that is the subject of this matter.

18. Plaintiffs subsequently took other steps to try to convince State Farm to reconsider its denial of Plaintiffs claim, but to no avail.

19. Plaintiffs ultimately retained legal counsel who sent a letter to State Farm demanding payment of Plaintiffs' claim.

20. In such letter, Plaintiffs' counsel reiterates what had already been conveyed to State Farm – namely that the Dwelling had experienced a fire prior to Plaintiffs owning or residing in the home. During the fire, there had been water used to extinguish the same.

21. Plaintiffs' counsel's letter to State Farm explained that the older water marks observed by State Farm's inspector was residual from the water used to extinguish the prior fire. Such water did not damage the Dwelling and was not related to the leak caused by the sudden failure in the garbage disposal drain hose.

22. The demand letter further pointed out to State Farm that State Farm had provided photographs in support of its denial that were not even of the Dwelling.

23. By way of letter dated May 23, 2025, State Farm acknowledged that Plaintiffs had retained counsel and cryptically confirmed its denial of Plaintiffs' claim with no additional explanation or analysis as to why the claim was denied.

### ALLEGATIONS INCORPORATED BY REFERENCE

24. Each and every one of the following counts incorporate by reference each and every allegation of this Complaint whether such allegation is specifically set forth under a particular count or not.

COMPLAINT AND DEMAND FOR JURY TRIAL – 4

## COUNT I
### (Breach of Contract)

25. At the time Plaintiffs' garbage disposal drain failed, Plaintiffs and the Dwelling were covered by State Farm's homeowners insurance policy ("Policy").

26. The Policy provides, in pertinent part, that State Farm will pay for direct physical loss to the Dwelling unless the loss is excluded.

27. The Dwelling was damaged by water from the defective garbage disposal drainpipe.

28. No exclusions under the Policy apply to the damage that occurred or the cause of such damage.

29. Plaintiffs timely reported the loss to State Farm and followed all policies and procedures under the Policy to make a valid claim.

30. State Farm failed to pay the claim.

31. State Farm's failure to pay the claim constitutes a material breach of the insurance contract between Plaintiffs and State Farm.

32. Plaintiffs have been damaged by State Farm's breach of contract in the amount of $1,635.05 for mitigation plus $31,885.17 for remediation costs.

33. Plaintiffs are also entitled to prejudgment interest in the amount of 12% per annum pursuant to Idaho Code §28-22-104(1).

## COUNT II
### (Negligent Adjustment)

34. State Farm had a duty to adjust and timely pay Plaintiffs' claim.

35. State Farm was aware that the Dwelling was Plaintiffs' primary and only residence and that the damage done rendered the use of the kitchen in the Dwelling difficult and inconvenient.

36. State Farm failed to adjust Plaintiffs' claim in a timely manner and in accordance with reasonable standards applicable to insurance adjustment practices.

37. As a result of State Farm's failure to timely and reasonably adjust Plaintiffs' claim, Plaintiffs had to utilize the kitchen area of their home without the benefit of a finished floor for an extended period of time.

38. Plaintiffs have been damaged by State Farm's failure to timely adjust and pay Plaintiffs' claim. The amount of such damage will be determined at trial.

## COUNT III
### (Breach of the Covenant of Good Faith and Fair Dealing)

39. In every contract there is an implied covenant of good faith and fair dealing.

40. State Farm's failure to properly investigate Plaintiffs' claim and then to deny the claim for reasons that were contrary to the evidence constitutes a breach of the covenant of good faith and fair dealing.

41. Plaintiffs have been damaged by State Farm's breach of the covenant of good faith and fair dealing in an amount to be determined at trial.

## COUNT IV
### (Bad Faith)

42. State Farm's failure to pay Plaintiffs' claim constitutes bad faith.

43. State Farm provided no reasonable explanation for denying such claim.

44. Upon information and belief, State Farm withheld payment from Plaintiffs in hopes that Plaintiffs would abandon their claim.

45. State Farm has failed to provide a reasonable or viable basis for denying a claim for property damage to the Dwelling where it is clear that the Dwelling was covered under the Policy.

46. State Farm ignored and failed to consider or failed to acknowledge alternative causes for signs of water that were unrelated to the garbage disposal drainpipe failure.

47. State Farm had the ability to confirm that the Dwelling had suffered prior fire damage, which explained why there were signs of water in the subfloor that were unrelated to the failure of the garbage disposal drainpipe.

48. State Farm failed to timely and reasonably investigate Plaintiffs' claim despite being notified almost immediately about the water damage that occurred.

49. State Farm included pictures of another home that was unrelated to the Dwelling in order to justify its denial of Plaintiffs' claim.

50. State Farm took advantage of its superior bargaining position *vis a vis* Plaintiffs in an effort to deprive Plaintiffs of payment for Plaintiffs' valid claim for water damage to the Dwelling.

51. These facts, among others, constitute extreme deviation from reasonable and fair claims adjustment practices.

52. Plaintiffs are, therefore, entitled to recover from State Farm for damages Plaintiffs have suffered as a result of State Farm's bad faith. The amount of such damages will be determined at trial.

## PUNITIVE DAMAGES

53. State Farm's conduct in this matter was oppressive, extreme, outrageous and warrants punitive damages. Plaintiffs, therefore, expressly reserve the right to seek leave to add a claim for punitive damages against State Farm under Idaho Code § 6-1604.

## COSTS AND ATTORNEY FEES

54. Plaintiffs have been required to retain the law offices of Shep Law Group duly licensed and practicing attorneys of the state of Idaho, to institute and prosecute their claim. Plaintiffs are entitled to recover their costs and attorney fees reasonably incurred in this action under the Policy and under Idaho Code §§ 12-121 and 41-1839, as well as Rule 54(d) and 54(e) of the Idaho Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1. For money judgment against State Farm for damages and pre-judgment interest in an amount to be determined at trial;

2. For leave to amend this complaint to add a claim for punitive damages;

3. For an award of costs incurred herein;

4. For an award of attorney's fees incurred herein; and

5. For such other and further relief and the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to I.R.C.P. 38, Plaintiffs hereby respectfully demand a jury trial of twelve people on all issues raised in this Complaint and triable of right by jury.

DATED this 18th day of July 2025

                                                SHEP LAW GROUP

                                                /s/ Ron R. Shepherd
                                                RON R. SHEPHERD
                                                Attorneys for Plaintiffs